TIMOTHY B. SWEET v. MARCUS OWENS.

No. 543.    (57 Pac. 254.)

FALSE REPRESENTATIONS—*Damages—Instructions.*  In an action founded upon the alleged false and fraudulent representations of the defendant, it is not reversible error for the court to fail to instruct the jury that plaintiff cannot recover for incidental remote damage claimed, where the court properly instructs the jury as to the recoverable damages, and the verdict shows the award to be within the pleadings, evidence, and instructions.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed May 10, 1899.   Affirmed.

*Fuller & Whitcomb,* for plaintiff in error.

*Vance & Campbell,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought by Marcus Owens in the district court of Shawnee county against Timothy B. Sweet to recover the sum of $1700, alleged damages for false representations.   A trial was had which resulted in a verdict and judgment for Owens in the sum of $590.   The defendant's motion for a new trial was overruled, and he presents the case to this court for review.

The plaintiff in error contends that the court erred in overruling his demurrer to the petition.   The plaintiff alleged, in substance, that on the 1st day of August, 1888, he purchased of one Hillyer certain real estate, comprising ten acres, for the sum of $1000, $500 cash and $500 payable in five years, the deferred payment being evidenced by a note executed to Sheldon, secured by a trust deed made to Sweet as trustee; that while the note was made payable to Sheldon and the trust deed to Sweet as trustee, the plaintiff, being

ignorant and unable to read or write, was informed by Hillyer, and believed, that he was executing a note and mortgage to Hillyer for the deferred payment; that he never knew anything to the contrary until the note was paid and returned to him by Sweet; that the note was the property of Hillyer; that Hillyer represented the property to be free of all encumbrances, and made, executed and delivered to the plaintiff a deed containing full covenants of warranty; that he took possession of the real estate and remained in possession from that time until in August, 1893, when he was ousted because of the failure of the title as hereinafter set forth.

The plaintiff further alleged that at the suit of the Keene Five Cent Savings Bank against Hillyer, Owens, *et al.*, to foreclose a mortgage which covered this tract of land as well as other lands, judgment was rendered in foreclosure, the lands were sold to one Noble, and this plaintiff was, on the —— day of August, 1893, ousted of the possession of said land by virtue of the judgment and sale; that the plaintiff had no knowledge that the premises conveyed to him by Hillyer were encumbered until that action was instituted; that at the time he executed the note and trust deed Hillyer directed the plaintiff to pay interest as it became due at the office of the Kansas Loan and Trust Company; that the defendant, Sweet, was the president and managing officer of said company; that Hillyer had his office at the same place; that plaintiff did pay the interest on said note as directed, supposing that the note and trust deed were the property of Hillyer; that therefore, as soon as plaintiff was informed by the Keene Five Cent Savings Bank that there was an encumbrance on his land, placed by Hillyer, he went to the office of the Kansas Loan and Trust Com-

pany to inquire if Hillyer was the owner and holder of the $500 note; that he then and there met the defendant, Sweet, and inquired of him whether Hillyer was the owner and holder of the $500 note; that Sweet, knowing that suit had been brought to foreclose a mortgage which was a prior lien, knowing that, if plaintiff knew Hillyer was the owner of the note, he could protect himself from the payment of the same, and knowing that said note in the hands of an innocent purchaser could be collected notwithstanding the failure of the title to his land, with the intent to assist Hillyer to cheat and defraud the plaintiff, and to induce the plaintiff to pay the note to him, so that he, the said Sweet, could pay the same to Hillyer without the knowledge or consent of this plaintiff, wrongfully, falsely, knowingly and wilfully represented to the plaintiff that Hillyer did not hold or own the note, and did not have any interest therein; that he, the defendant, had purchased the note, and that plaintiff must pay the same to him, said Sweet, well knowing that Hillyer was the owner, holder and the only person interested therein; that the plaintiff, being ignorant of the falsity of the representations and believing them to be true, and confiding in the representations so made by the defendant, Sweet, paid the note to him, who secretly, deceitfully, with the intent to cheat and defraud the plaintiff, received the money, and paid the same to Hillyer without the knowledge or consent of the plaintiff; that the amount so paid by the plaintiff to Sweet was $500, with interest, amounting to the sum of $700, which amount he was damaged by the false representations of the defendant, Sweet; and that by reason of the false and fraudulent representations he lost the land, to his damage in the further sum of $1000.

The plaintiff further alleged that his first discovery of the fraud so practiced on him by defendant was within two years ; and that the first knowledge he had that the representations were false and fraudulent. that he had been deceived by the defendant, and that Hillyer was at that time the actual owner of the note. was in September, 1892.

The demurrer to the petition was properly overruled. The petition states a cause of action. If Sweet made the false representations set out in the petition, and Owens believed them to be true, acted upon them, and parted with his money, he is entitled to recover the amount thereof with interest.

It is contended that the court erred in refusing to give certain instructions requested. The court very properly refused the instructions requested. The instructions given by the court were very full, complete, and fully informed the jury as to the measure of the recoverable damages. The court instructed the jury :

"In order that plaintiff may avail himself of the fraud set up in his petition in this case, you must believe from the evidence not only that the statements or representations set forth in the petition were made by the defendant, but that such statements and representations were false, that they were made with intent to deceive and defraud the plaintiff, and that plaintiff was induced thereby to part with his money, and that he has sustained damage by reason thereof."

It is also contended that the court erred in rendering judgment in favor of the plaintiff. The principal facts in the case as disclosed by the record are as follows : Hillyer, in March, 1885, was the owner of eighty-two acres of land in Shawnee county on which he made a trust deed to Sweet, trustee for E. M. Shelden, to secure the payment of $3000. The Shelden paper was afterward sold and transferred to the

Keene Five Cent Savings Bank. In August, 1885, Hillyer sold and conveyed by general warranty deed a ten-acre tract of this land to Owens for $1000; the deed made no reference to the prior encumbrance. Owens paid the purchase-price by the conveyance to Hillyer of a tract of land and by executing a note, payable to E. M. Shelden, five years after date, in the sum of $500, secured by a trust deed upon the premises to Sweet as trustee. Shelden and Sweet were at the time treasurer and president, respectively, of the Kansas Loan and Trust Company. Owens purchased the land for use as a truck garden. The Keene Five Cent Savings Bank, on the 25th day of December, 1887, brought an action in foreclosure upon the $3000 mortgage, in which Owens, Sweet as trustee and others were made defendants. March 29, 1892, Owens filed an amended answer, alleging the purchase of the ten-acre tract of land in February, 1885; that he was in possession at the time of the execution of the $3000 mortgage; that before the payment of the $500 mortgage he learned of the prior mortgage; and that he paid the money to Sweet, who was authorized to and did receive the same as trustee for the holder of the prior mortgage in full payment of the $500 mortgage; that on payment of the money to Sweet he agreed to release the prior mortgage as to the land owned by Owens. The action of the Keene Five Cent Savings Bank was tried in September, 1892, and judgment rendered holding Owens's interest subordinate to the mortgage. Owens's land was sold for the satisfaction of the $3000 mortgage, and his title extinguished; thereafter he repurchased the land for the sum of $600. When Owens purchased the land from Hillyer his place of business was in the office of the Kansas Loan and Trust Company, and when the deferred pay

ment became due Owens paid the $500 note at that place. Owens was able to read but little, and entirely ignorant as to all matters of conveyance, commercial paper, and land titles.

As to the facts above set out there was but little dispute. The plaintiff, at the trial, contended that, as he was unable to read, he believed at all times that his note and mortgage were made to Hillyer direct; that at the time he purchased and received his deed to the ten-acre tract he did not know there was any encumbrance on the land; that the first knowledge he had of the existence of any encumbrance was after the foreclosure proceedings were instituted; that when he was informed of the mortgage upon his land, other than the one executed by himself, he went immediately to the office of the Kansas Loan and Trust Company and inquired of Sweet concerning the same; that Sweet informed him that there was such a mortgage, but that the same would not interfere with him; to go ahead, pay up, and he would not be troubled; that Sweet informed him that he had bought the note; that Hillyer nor any other person had anything to do with it; that he, relying upon the statements, paid the amount of the note to Sweet, who immediately turned the money over to Hillyer without his knowledge or consent.

Upon the other hand, Hillyer testified that he fully explained the note and the trust deed at the time of their execution; that he explained all about the prior mortgage, together with the arrangements which existed for the payment thereof. Sweet also testified that no money was paid to him by Owens; that all payments that were made were either made to Hillyer or to the Kansas Loan and Trust Company; that he knew nothing about the ten-acre tract of land nor

about its purchase; that he had a conversation with Owens after the 1st of January, 1889; that "he came in, commenced talking with me about the Keene Five Cent mortgage on the Hillyer tract of land; asked my judgment about it, and its effect upon him and his mortgage. I told him I did not know until a short time before what land was in this mortgage; I explained to him that I thought the other land would bring enough to pay the debt; that Gregory had made arrangements for the part he owned; that other parties who had bought from Gregory and assumed the mortgage had arranged to settle their part of it, and if the sale went on, as then likely, that they would pay all of the debt. I referred to the Keene Five Cent foreclosure sale; I made no statements as to who owned the $500 note." In short, he denied practically all the conversations and statements alleged by Owens to have been made by him.

Upon this conflicting testimony, the jury returned a general verdict, finding for the plaintiff, against the defendant. This was a very proper case to submit to a jury, and one peculiarly within the province of the jury to determine. Inasmuch as they found the issues in favor of the plaintiff and against the defendant, the court properly rendered judgment upon the verdict. The judgment is supported by the evidence and by the law.

From what we have said, it follows that the court properly overruled the motion for a new trial.

The judgment is affirmed.